1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RODNEY R. DECKER, II,                    No.  2:16-cv-1179 KJN P

12                   Plaintiff,

13          v.                                ORDER

14   SHASTA COUNTY, et al.,

15                   Defendants.

16

17          Plaintiff is an inmate at the Shasta County Jail, proceeding without counsel, and consented

18   to proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).  This proceeding was

19   referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20          Plaintiff requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  He

21   submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly,

22   the request to proceed in forma pauperis is granted.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

24   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

25   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

27   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

28   payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3  § 1915(b)(2).

4       The court is required to screen complaints brought by prisoners seeking relief against a

5  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

9       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

16  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

17  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

18  1227.

19       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

20  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

23  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

24  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

25  sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific

26  facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what

27  the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93

28  (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

1    In reviewing a complaint under this standard, the court must accept as true the allegations of the

2    complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most

3    favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

4    grounds, Davis v. Scherer, 468 U.S. 183 (1984).

5         In his first claim, plaintiff alleges that his due process rights were violated because he was

6    punished twice for the same offense, violating his right against double jeopardy, but he identifies

7    the issue as "malicious prosecution." (ECF No. 1 at 3.) Plaintiff recounts that his probation was

8    revoked, and he served time on the parole revocation, but following his subsequent release, was

9    violated for drugs and new charges were brought alleging second degree burglary, and escape,

10   based on his alleged failure to charge his ankle monitor, and felony theft of the ankle monitor,

11   which plaintiff claims he returned in January. (ECF No. 1 at 3.) In his second claim, he alleges

12   he was falsely arrested based on warrants for which he had already served his time. (ECF No. 1

13   at 4.) In his third claim, he alleges a violation of his equal protection rights based on defendants'

14   "circumventing constitutional law." (ECF No. 1 at 5.) Plaintiff contends that defendants

15   conspired together to violate plaintiff's constitutional rights. In addition, plaintiff alleges that

16   defendants failed to properly train subordinates on how to properly do their jobs, and that their

17   policies and customs deprived plaintiff of his due process rights and placed him in double

18   jeopardy. (ECF No. 1 at 6.) Plaintiff names as defendants Shasta County, the Shasta County

19   Probation Office, the Shasta County District Attorney's Office, and Sheriff Tom Bosenko.

20   Plaintiff seeks unidentified equitable relief and monetary damages. (ECF No. 1 at 8.)

21        For the following reasons, plaintiff's complaint must be dismissed. However, plaintiff is

22   granted leave to file an amended complaint if he can do so in good faith.

23        First, the District Attorney's Office employees are entitled to prosecutorial immunity

24   concerning their actions in prosecuting plaintiff. Prosecutors are absolutely immune from suit for

25   actions taken by them in performing the traditional functions of a prosecutor. Kalina v. Fletcher,

26   522 U.S. 118, 131 (1997).

27        Second, it is unclear whether criminal proceedings remain pending at this time. Plaintiff

28   claims that he was facing additional new charges for burglary, escape and felony theft.

3

1    If criminal proceedings remain pending, it is premature for this court to review

2    petitioner's collateral attack on his conviction before the state court has had the opportunity to

3    adjudicate the claims.  See Younger v. Harris, 401 U.S. 37 (1971).  Under Younger, federal courts

4    may not enjoin pending state criminal proceedings except under extraordinary circumstances.  Id.

5    at 49, 53.  Younger abstention prevents a court from exercising jurisdiction when three criteria are

6    met: 1) there are ongoing state judicial proceedings; 2) an important state interest is involved; and

7    3) there is an adequate opportunity to raise the federal question at issue in the state proceedings.

8    H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000).

9    The instant complaint does not make clear whether criminal proceedings are pending or

10   not.  Thus, plaintiff is granted leave to amend to clarify his allegations and provide the status of

11   the criminal proceedings.

12   Third, at least some of plaintiff's claims appear to be barred.  When a state prisoner

13   challenges the legality of his custody and the relief he seeks is a determination that he is entitled

14   to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and

15   the prisoner's sole federal remedy is a petition for a writ of habeas corpus.  See Preiser v.

16   Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir.

17   1997).  Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges

18   constitutional violations which would necessarily imply the invalidity of the prisoner's underlying

19   conviction or sentence, such a claim is not cognizable under § 1983 unless the conviction or

20   sentence has first been invalidated on appeal, by habeas petition, or through some similar

21   proceeding.  See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 not

22   cognizable because allegations were akin to malicious prosecution action which includes as an

23   element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v.

24   Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable

25   because allegations of procedural defects were an attempt to challenge substantive result in parole

26   hearing).  Here, plaintiff's claims involve his sentences obtained by a probation revocation.  The

27   substance of plaintiff's claims is an attack on the validity of his sentence such that it necessarily

28   implies the invalidity of his continuing confinement.  Thus, plaintiff's claims challenging the

4

1   underlying criminal proceedings, including any attendant to related claims, such as those raised

2   against the county, may not be brought in a civil rights action until the sentence has been

3   invalidated.

4        Fourth, plaintiff may be able to state a state law claim for false arrest based on his

5   allegations that false statements were made in the arrest warrants. A cause of action for false

6   arrest accrues on the arrest and is actionable immediately. There is no requirement that the

7   arrestee allege favorable termination of the criminal proceedings. Collins v. Owens, 77

8   Cal.App.2d 713, 716 (1947). Here, however, plaintiff fails to allege sufficient facts to support

9   such a claim, and has also failed to name individuals who actually arrested plaintiff or who

10  allegedly falsified the arrest warrants. In addition, to the extent plaintiff maintains the probation

11  officer was responsible, a state law false imprisonment claim would fail if the probation officer

12  had probable cause to believe plaintiff had violated the terms of his probation. See Fermino v.

13  Fedco, Inc., 7 Cal. 4th 701, 716, 30 Cal. Rptr.2d 18 (1994); Cal. Penal Code Section 1203.2.

14  Moreover, absent federal claims, this action cannot proceed solely on the basis of state law

15  claims. Although the court may exercise supplemental jurisdiction of state law claims, a plaintiff

16  must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. For all of

17  these reasons, plaintiff's false arrest claims are also dismissed.

18       The court finds the allegations in plaintiff's complaint so vague and conclusory that it is

19  unable to determine whether the current action is frivolous or fails to state a claim for relief. The

20  court has determined that the complaint does not contain a short and plain statement as required

21  by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a

22  complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones

23  v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least

24  some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.

25  Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the

26  complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

27       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

28  about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v.

1    Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each

2    named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is

3    some affirmative link or connection between a defendant's actions and the claimed deprivation.

4    Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743

5    (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil

6    rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

7        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

8    make plaintiff's amended complaint complete. Local Rule 220 requires that an amended

9    complaint be complete in itself without reference to any prior pleading. This requirement exists

10   because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.

11   Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original

12   pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an

13   original complaint, each claim and the involvement of each defendant must be sufficiently

14   alleged.

15       In accordance with the above, IT IS HEREBY ORDERED that:

16       1. Plaintiff's request for leave to proceed in forma pauperis is granted.

17       2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff

18   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

19   § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

20   Sheriff, Shasta County Jail, filed concurrently herewith.

21       3. Plaintiff's complaint is dismissed.

22       4. Within thirty days from the date of this order, plaintiff shall complete the attached

23   Notice of Amendment and submit the following documents to the court:

24           a. The completed Notice of Amendment; and

25           b. An original and one copy of the Amended Complaint.

26   Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

27   Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must

28   also bear the docket number assigned to this case and must be labeled "Amended Complaint."

1         Failure to file an amended complaint in accordance with this order may result in the

2  dismissal of this action.

3  Dated:  August 22, 2017

4   

5  KENDALL J. NEWMAN
   UNITED STATES MAGISTRATE JUDGE

6  /deck1179.14

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RODNEY R. DECKER, II,                    No.  2:16-cv-1179 KJN P

12                Plaintiff,

13        v.                                  NOTICE OF AMENDMENT

14   SHASTA COUNTY, et al.,

15                Defendants.

16

17        Plaintiff hereby submits the following document in compliance with the court's order

18   filed_____.

19          _____          Amended Complaint
     DATED:
20

21                                   _____
                                     Plaintiff
22

23

24

25

26

27

28

                                           1